IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| STORMY IBARRA | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CAUSE NO. 2:20-cv-258 |
| | § | |
| PETERS CHEVROLET, INC. | § | |
| D/B/A PETERS CHEVROLET BUICK | § | JURY DEMANDED |
| | § | |
| DEFENDANT. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**Plaintiff STORMY IBARRA ("Plaintiff")** files this Complaint and would respectfully show the Court as follows:

## PARTIES

1. **Plaintiff Stormy Ibarra** is an individual who currently resides in Gregg County, Texas.

2. **Defendant Peters Chevrolet, Inc. ("Defendant" or "Peters Chevrolet")**, is a Delaware corporation. Defendant may be served with process through its registered agent, Randall J. Peters, 4181 Highway 259 North, Longview, Texas 75605.

## JURISDICTION AND VENUE

3. This court has jurisdiction by virtue of 28 USC §§ 1331, and 1391 regarding her claims under Fair Labor Standards Act. Pursuant to 28 U.S.C. §§ 1332, this Court has federal jurisdiction because the Texas Labor Code action arises out of a civil action where the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

4.  Venue is proper in the U.S. District Court for the Eastern District of Texas, Marshall Division pursuant to 42 U.S.C. 1391(b) because the unlawful practices alleged below were committed therein.

5.  This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims which are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution.

## EXHAUSTION OF ADMINISTRATIVE PROCEDURES

6.  Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission and the Texas Workforce Commission – Civil Rights Division (EEOC/TWC-CRD). Plaintiff has filed this suit within sixty (60) days of receiving a Notice of Right to Sue from the TWC-CRD, a true and correct copy of which is attached hereto as Exhibit A.

## CONDITIONS PRECEDENT

7.  All conditions precedent have been performed or have occurred.

## FACTS

8.  Plaintiff was employed by Defendant from July 27, 2017 until October 15, 2019 as a digital marketing specialist. Plaintiff was six (6) months pregnant at the time of termination by her employer Peters Chevrolet. She was paid a salary with no compensation for overtime hours.

9.  Plaintiff was told she was terminated for a "Grammatical Error", but she contends she was terminated because of her current pregnancy and due to physical limitations imposed by her pregnancy.

10. Plaintiff was the Digital Marketing Strategist, Social Media Marketer, Graphic Design Artist, Website Manager, Photographer and Videographer for Peters Chevrolet. At the start of her pregnancy in May, 2019, she was ill with the normal pregnancy symptoms for several months. Plaintiff requested an accommodation that she not be required to perform videography and photography because that those duties required her to be on her feet frequently.

11. As her pregnancy progressed, Plaintiff started having round ligament pain and pelvic girdle pain in her hips and back. Filming vehicles or taking photographs of the vehicles required her to be on her feet for long periods of time, as well as squatting and walking all over the dealership parking lot. Plaintiff orally communicated her physical difficulties to her supervisors and requested accommodation of her physical limitations. Plaintiff's supervisors were frustrated with her request for accommodation.

12. Eventually, Plaintiff was assigned to do a photo shoot on October 3, 2019. Plaintiff's supervisor instructed her that she was required to do the photo shoot. That day was very hot. Plaintiff had already worked her 8-5 shift that day and was required to work from 5-7:30 pm as well for the shoot. The photo shoot required extensive walking and standing.  Plaintiff tried to cool off and took a short break. Plaintiff then walked over to where the other employee was doing the videography. Plaintiff's co-worker told her quietly to "start taking pictures and looking busy" because Scott Peters, the General Manager was upset that Plaintiff was not taking photos.

13. Despite the heat and physical exertion required, Plaintiff went ahead and did the photos like Scott Peters wanted. At this point it was hot, and Plaintiff was feeling miserable and suffering from back pain. Plaintiff continued to perform her duties despite her physical difficulties because she was afraid that she would lose her job. That night after working 10-11 hours, Plaintiff went home crying and stressed because her back and hips were hurting and because her employer

was requiring her to perform duties that she had already previously requested that she not be required to perform.

14. That next morning Friday, October 4th, 2019 Plaintiff reported to work despite the fact that her back, hips and stomach were hurting still from the previous day. Plaintiff felt like she was having contractions, so on her lunch break she went to the hospital, Longview Regional. The doctor confirmed that Plaintiff was having contractions. The hospital monitored Plaintiff that day and told her to follow up with her OB-GYN/Mid-wife. The hospital confirmed the same thing that Plaintiff had been orally communicating to my employer this whole time - that she needed to stay off her feet and not overwork herself.

15. On Monday, October 7, 2019 Plaintiff started designing invitations to a C8 Corvette Reveal event. During the designing process, Danny Cox was standing behind Plaintiff giving exact instructions on what to put on the invitations. So, at the time Danny Cox gave the wrong date for the invitations. Plaintiff did not notice that the date was wrong because Cox was a manager and had more information and knowledge on the event. When the invitations returned from the printer Plaintiff put the invitations in envelopes and mailed them.

16. On October 8, 2019 Plaintiff had an appointment with her OB-GYN doctor. Plaintiff related the incident that happened the previous Thursday and Friday with her job. Plaintiff's doctor wrote a restriction note requesting modified work duties for Plaintiff and her unborn child's safety.

17. On the next day at work October 9, 2019, Plaintiff gave her manager Danny Cox the restriction note from her doctor. The following Friday October 11, 2019 after work hours, Plaintiff received a text at about 6:30 pm from Danny Cox telling her that there was a grammatical

error on the C8 Corvette Reveal Event invitations that were mailed off and that she needed to get it fixed.

18. On Saturday, October 12th on her day off, at 7:45 am before the dealership opened, Plaintiff went in to fix the error. The error on the invitations was Thursday October 23rd but the correct date was Wednesday October 23rd. Danny Cox and Scott Peters had approved the invitation for print and to be mailed off. Plaintiff corrected the error and met with her General Manager Scott Peters at Fed Ex that same morning in Longview. Scott Peters changed the hours of the event as well, stating: "since we have the chance to make changes to the invitations."

19. The following Monday morning, October 14, 2019, Scott Peters dropped off all the unfinished invitations on Plaintiff's desk and instructed her to get them done as soon as possible. The post office was closed because of Columbus Day and she called Danny Cox to inform him what was going on. He was upset but told Plaintiff to go get some stamps and then mail them off tomorrow.

20. On October 15, 2019, Plaintiff dropped off the invitations at the post office on the way to work. Two minutes before 5:00 that day, Plaintiff was called into Danny Cox's office and was told that she was being let go because of a "grammatical error on the C8 [Corvette] Reveal Invitations".

21. On October 18, 2019, Plaintiff's husband was informed that 2-3 weeks prior, Peters Chevrolet, Mark Peters specifically, had offered another individual her job. The individual reported that Mark Peters told him that "Stormy had left for Maternity leave." At the time, Plaintiff was still employed at Peters and had not left nor taken maternity leave. This was also before the invitation incident. Plaintiff alleges that the reason given for her termination was false, and therefore a pretext for discrimination on the basis of her pregnancy.

22.     Although Plaintiff was paid a salary and classified as exempt from overtime wages, she was not responsible for true management functions. To the contrary, Plaintiff spent all of her time performing non-exempt duties. Plaintiff's primary duties did not fall within any of the exemptions under federal or state overtime laws.

23.     Defendant required Plaintiff to work more than 40 hours per workweek and suffered or permitted Plaintiff to work many more hours per workweek. By failing to pay Complainant, the overtime wages she earned and to which she is entitled by law, Defendant has violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., ("FLSA").

**COUNT ONE – PREGNANCY DISCRIMINATION (Texas Labor Code Sec. 21.106)**

24.     Plaintiff incorporates by reference and re-alleges all of the foregoing and further alleges as follows:

25.     Defendant is an employer within the meaning of Chapter 21 of the Texas Labor Code.

26.     Plaintiff is an employee within the meaning of Chapter 21 of the Texas Labor Code and belongs to a class protected under the statute, namely she is/was pregnant. *See* Texas Labor Code §21.106.

27.     Defendant intentionally discriminated against Plaintiff by terminating her employment because of or on the basis of pregnancy.

28.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages. Defendant's conduct was willful and justifies an award of punitive damages.

29.     To the extent that Defendant contends that Plaintiff was fired for a legitimate non-discriminatory reason, said reason is a mere pretext for discrimination. Alternatively, the reason(s) given for Plaintiff's termination, while true are only some of the reasons, and Plaintiff's gender

and pregnancy were motivating factors in the decision to terminate her employment.  In other words, Defendant had mixed motives for Plaintiff's termination.

## COUNT TWO – FAIR LABOR STANDARDS ACT

30. The Fair Labor Standards Act (29 U.S.C. § 201, et seq.) is commonly referred to as "FLSA."  Among other things, the FLSA statutes and the regulations promulgated thereunder govern the activities of the pay practices of employers involved in commerce.

31. Plaintiff alleges that she was misclassified as exempt from overtime pay. Defendant failed to pay her overtime wages, despite the fact that her job duties did not qualify her for any applicable exemption.

32. Plaintiff alleges that the failure to pay Plaintiff for all hours worked is a direct violation of the FLSA statutes and regulations.  Additionally, Plaintiff alleges that the failure to pay Plaintiff one and one-half her regular rate for all hours worked in excess of 40 hours in a work week is a direct violation of the FLSA statutes and regulations. Plaintiff is entitled to receive the unpaid wages due her, liquidated damages, costs, and attorneys' fees.

## DAMAGES

33. Plaintiff was discharged from employment by Defendant.  Although she has diligently sought other employment, she has been unable to find a job at comparable pay.  In addition, Plaintiff has incurred expenses in seeking other employment.  Plaintiff suffered damage to her pension or retirement benefits.  Plaintiff seeks compensation for all back pay and lost wages and benefits, including loss of Social Security benefits.  Reinstatement to Plaintiff's previous position is impractical and unworkable.  Therefore, Plaintiff seeks an award of front pay and future lost wages and benefits.  Plaintiff suffered mental anguish and emotional distress.

## ATTORNEY'S FEES

34. Plaintiff was forced to engage counsel to protect her rights. Plaintiff is entitled to an award of attorney's fees and costs (including, but not limited to, an award of reasonable expert witness fees), both trial and appellate, under Title VII, 42 U.S.C. §2000e-5(k).

## INTEREST

35. Plaintiff is entitled to prejudgment and post judgment interest at the highest lawful rate.

## JURY TRIAL DEMAND

36. Plaintiff demands a jury trial.

## PRAYER

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant for the following:

  a. Compensatory and punitive damages;

  b. Back pay and front pay;

  c. Unpaid overtime wages;

  d. Liquidated damages;

  e. Attorney's fees and costs;

  f. Prejudgment and post-judgment interest;

  g. Such other and further relief, at law or in equity, to which Plaintiff may show herself justly and lawfully entitled.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
HOMMEL LAW FIRM
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100
469-533-1618 Facsimile

ATTORNEY FOR PLAINTIFF